TIlc opinion of the Court was delivered by
Todd, J.
This is an appeal taken hy the City of New Orleans from a judgment on a rule taken by the i>laintiff against the Board of Assessors of said City, to reduce the assessment on Ms city property, kn'o wn as the Sugar Refinery, for the year 1880.
In July of that year, plaintiff made a return to the Assessor, in which he valued said property at $300,271. The Board increased the assessment to $175,000. Before the completion of the assessment rolls plaintiff made an application for a reduction of the assessment, which was disregarded, and after the filing a delivery of the rolls in the several offices directed hy law, resort was had to this rule, and the reduction claimed sought to he enforced thereby.
*372 The defendant excepted to the rule on the grounds: that plaintiff liad not observed the conditions necessary to entitle him to theremedy pursued, and that after the delivery of the rolls, the Board of Assessors was without authority to change the assessment or stand in judgment iiuthe proceeding.
The exception was overruled. The answer was a general denial, with the further avermont that the assessment, as shown on the rolls, was fair and reasonable, Tliore was judgment in favor of the plaintiff, making the rule absolute, reducing' the assessment to $116,371, from which the City of New Orleans has appealed.
The main question to be decided is that raised by the exception touching' the right of plaintiff to the remedy he has invoked, and the capacity of the Board of Assessors to stand in judgment.
Art. 203, of the Constitution of 1879, declares: “ That taxpayers shall have the right of testing the correctness of their assessments before the courts of justice.”
See. SI of Act 77 of 1880, provides: “ That all taxpayers shall have the right to appear before the Board of Assessors in the Parish of Orleans, * * ■* * and be heard concerning the description of the property listed, and the value of the same as assessed, and shall have the right of testing the correctness of their assessments before the courts of justice in any mode of procedure which the Constitution and laws may permit, prior to the day of tax sale as advertised.”
Under the Act of 1877, (Act. 96) Assessors were required, after completing their rolls, to advertise the fact for ten days, and after that, to expose the rolls for a certain definite period, during which period any person aggrieved by the assessment might make complaint to the Assessor, who was authorized to submit the complaint to the Board of Assessors, who were to pass on the application before the expiration of the period named. If the Board refused to make the correction, then it was provided that it might be submitted to arbitration. If not satisfied with the result-of the arbitration, the right was reserved to appieal to the courts. If any correction was made, either by the Board or by arbitration, the same was to be entered on the rolls, which were then to be returned to the officers designated. The complaint to the Board, and a resort to arbitration, were conditions precedent to the appeal to the courts. See Secs. 87, 88 and 89 of Act 96 of 1877.
. It is plain that, if under the provisions of the Act referred to, the matter of the assessment had been appealed to the courts, and the contestation thereon had been protracted beyond the time for the delivery of the rolls, notwithstanding such delivery, and after such delivery, the corrections sought to be made, if allowed by the judgment, would have to be made by the Assessors.
*373 In tlie Act of 1880, first, above referred to, the Board of Assessors are not required to expose tlie, rolls lor examination and correction, whilst they remain in their possession, as provided by previous laws. A time is, however, fixed within which the rolls must be filed in the offices of the tax collector, auditor and recorder of mortgages, and when thus filed, it is made the duty of the tax collector to give public notice “ that the taxes assessed in that year, as set forth in the tax rolls on file in his office, are then due, etc.” And it is further provided that this publication “shall be full notice to each taxpayer that the listing assessments, etc., have been made, and that the tax rolls are on file and open to inspection and examination in the sheriff’s office, and in the office where the mortgage records of said Parish are kept.” Secs. 22, 25 and 26, Act 77, 1880. In addition thereto, as before stated, Sec. 53 of this Act gives expressly to the taxpayer the right to apply to the- Board for a reduction of the assessment, and to test the correctness thereof before the courts. And this right can be exercised at any time before the day of the sale of Ms property to pay the tax.
Notwithstanding no provision is made in the last Act mentioned for an exposure of the rolls before their delivery by the Assessor or filing in the offices named, yet wo cannot, therefore, conclude that it was intended to deny to the taxpayers a right and an opportunity to correct the assessment, for such conclusion is opposed by the requirements of the law prescribing a public notice to be given of their completion and filing, and declaring this to be notice that they aro open to inspection and examination, and to the further express provision granting the taxpayers the right to test the correctness of the assessment, at any time before the tax sale, in the courts of justice.
These provisions would be vain and nugatory if the delivery of the rolls to the offices named would shut off the taxpayer from all opportunity of making his grievances known, if any there be, and errors complained of corrected.
If the taxpayer has such right, who is to make the correction ? And whom is he to proceed against to have it made? The answer seems to us a plain one, that it should be against those who made the assessment, those who are most familiar with the subject, and those who are charged under the law with the entire work of the assessments, and this means against the Board of.Assessors.
The Act 77 of 3880, does not declare in positive terms against whom they should be directed, but it is certainly in keeping with both the letter and spirit of previous laws on the subject, and with the Act in question, that the authority that committed the error or the wrong, and to whom all power over the subject matter had been delegated, should correct the error and repair the wrong. Otherwise, though the right.to *374 proceed to liave the correction made, may be, and is expressly conferred, the silence of the Act, as against whom the proceeding should be directed, would in no effect amount to a deprivation of any remedy.
We think, therefore, that the exception was properly overruled.
On the merits the evidence in the record leaves-not much room for controversy. A thorough examination of it satisfies us that the reduction made of the assessment by the Judge a quo, was in strict accord with the proof before him and should not be disturbed.
It is therefore ordered, adjudged and decreed, that the judgment appealed from be affirmed with costs.